UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER L., Plaintiff, v. ANDREW M. SAUL, Commissioner of Social Security, Defendant. | CASE NO. C19-6088-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is REVERSED and REMANDED for an award of benefits.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1975.[1] She has a high school education and vocational

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

training. She previously worked as a receptionist, slot machine attendant, housekeeping cleaner, and casino cashier. (AR 29, 96.)

Plaintiff protectively filed DIB and SSI applications on November 25, 2016, alleging disability beginning April 16, 2009, later amended to January 21, 2014. The applications were denied initially and on reconsideration. ALJ Kimberly Boyce held a hearing on July 23, 2018, taking testimony from plaintiff and a vocational expert (VE). (AR 84-139.) On October 22, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 93-106.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on September 18, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe: spinal impairment, fibromyalgia, irritable bowel syndrome, obesity, affective disorder(s), anxiety disorder(s)(including post-traumatic stress disorder), personality disorder(s), somatoform disorder, and substance use disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with exceptions.  She cannot climb ladders, ropes or scaffolds, and cannot work at unprotected heights or in proximity to hazards such as heavy machinery with dangerous moving parts.  She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can perform work in which concentrated exposure to extreme cold, heat, wetness, respiratory irritants or vibration is not present.  She can understand, remember, and carry out simple, routine tasks and follow short, simple instructions. She can perform work that requires little or no judgment, and can perform simple duties that can be learned on the job in a short period. She can cope with occasional work setting change and occasional interaction with supervisors.  She can work in proximity to coworkers, but not in a team or cooperative effort.  She can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded. Within these parameters, the claimant can meet ordinary and reasonable employer expectations regarding attendance, production and workplace behavior, and can persist, focus, concentrate, and maintain an adequate pace in two-hour increments.  With that assessment, and the assistance of the VE, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff able to perform the jobs of addresser, table worker, laminator, and stuffer.  Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ failed to carry his step five burden of showing the existence of a significant number of jobs in the national economy. She requests remand for entry of an award of benefits. The Commissioner argues the decision is supported by substantial evidence and free of legal error, and should be affirmed.

<u>Step Five</u>

At step five, the Commissioner bears the burden to show a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(c)(2), 416.960(c)(2). The inclusion of an erroneous job at step five is harmless if the remaining jobs exist in significant numbers on their own. *See Shaibi v. Berryhill*, 870 F.3d 874, 883 n. 6 (9th Cir. 2017).

The ALJ found plaintiff unable to perform any of her past relevant work as a receptionist, slot machine attendant, housekeeping cleaner, or casino cashier. Therefore, the burden shifted to the Commissioner to establish the existence of other jobs existing in significant numbers in the

regional or national economy that plaintiff can perform considering her RFC. With the assistance of a VE, the ALJ found plaintiff able to perform four separate occupations, including Addresser (5,900 jobs), Table Worker (2,800 jobs), Laminator (1,500 jobs), and Stuffer (4,000 jobs). Based on this testimony, the ALJ found plaintiff capable of making a successful adjustment to other work that exists in significant number in the national economy and, therefore, not disabled.

Plaintiff challenges the ALJ's methodology of combining four occupations in order to reach a sufficient number of jobs existing in the national economy. Plaintiff cites the Program Operations Manual System (POMS)[2] provision DI 25025.030(C)(1), which provides that an adjudicator should cite three jobs in order to reach the "significant number" threshold, or less if "it is clear that jobs exist in significant numbers" within fewer than three jobs. Plaintiff argues the ALJ's reliance on four occupations does not comply with the POMS guidance. Further, plaintiff argues, even if reliance on the four occupations was appropriate, the number of available jobs only reaches a level the Ninth Circuit has found not significant.

The Commissioner argues plaintiff waived this sufficiency argument by failing to challenge the VE's job numbers at the administrative hearing, citing *Shaibi v. Berryhill*, 883 F.3d at 1109. *Shaibi*, however, addressed a claimant's failure to raise a factual challenge to the number of jobs testified to by the VE as available. *Id*. at 1009-10 (claimant who wishes to challenge the VE's evidentiary basis for testimony regarding job numbers must raise the issue at the administrative hearing to preserve the argument for appeal).

The instant case, to the contrary, assumes the VE testimony about the availability numbers

[2] The "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood v. Comm'r SSA*, 616 F.3d 1068, 1073 (9th Cir. 2010) (citing *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003)). These agency interpretations are "entitled to respect," but only to the extent they have the "power to persuade." *Id*. (internal quotation marks and quoted sources omitted). *See also Warre v. Commissioner of the Soc. Sec. Admin*., 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority.")

is correct – indeed, that is the basis of plaintiff's challenge to the legal sufficiency of those numbers. The Commissioner's waiver argument is therefore unavailing.

As both parties acknowledge, the Ninth Circuit has declined to adopt a bright-line rule for evaluating the sufficiency of the showing of available jobs. *See Beltran v. Astrue*, 676 F.3d 1203, 1206-07 (9th Cir. 2012). It has, however, found "a comparison to other cases . . . instructive." *Id.* Plaintiff cites a number of other Ninth Circuit cases addressing the number of jobs constituting a sufficient number. *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (64,000 jobs nationally found significant); *Randazzo v. Berryhill*, 725 Fed. Appx. 446, 448 (9th Cir. 2017) (10,000 national jobs "may not" be significant); *Lemauga v Berryhill*, 686 Fed. Appx. 420, 422 (9th Cir. 2017) (12,600 not significant). Defendant points to the Sixth Circuit case of *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 906 (6th Cir. 2016), agreeing with the Ninth Circuit in declining to designate "one special number" as representing the boundary between a "significant" number and an "insignificant" number.

The ALJ here found plaintiff capable of performing 14,200 jobs available nationally, if all four jobs were included. If, as plaintiff urges, only three jobs were considered, the total number of available jobs nationally would be between 8,300 and 12,700, depending on which jobs were included in the count. The Commissioner's step five burden may be met by a showing of *either* nationally available or regionally available jobs or a combination of both, *Beltran*, 676 F.3d at 1206, but the VE did not here identify the availability of regional jobs. The Commissioner does not cite a comparable Ninth Circuit case finding such a few number of jobs available nationally to be a "significant" number. *See, e.g. Gutierrez v Commissioner of Social Security*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 national jobs plus an additional "significant" number of regional jobs "a close call"). The Court finds the Commissioner has not met his step five burden.

Remedy

Courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Usually, "'[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded[]'" for further proceedings. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). To remand for benefits, the Court must find: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose, a determination that includes consideration of whether any outstanding issues must be resolved before determining disability; and (3) if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014); and *Garrison*, 759 F.3d at 1020. Here, there are no outstanding issues to be resolved. The ALJ found plaintiff disabled at step four. Without a legally sufficient step five finding, plaintiff is entitled to an award of benefits. Further proceedings would serve no useful purpose.

**CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for an award of benefits.

DATED this 7th day of July 2020.

Mary Alice Theiler
United States Magistrate Judge